## (February 8, 1965)

██ INGEBORG M. HUGHES, Respondent, v. THOMAS W. HUGHES, Appellant.— In an action by a wife for a judicial separation in which the court, pursuant to statute (Domestic Relations Law, § 233), had made two ex parte orders, dated respectively August 7, 1964 and August 31, 1964, the first order appointing the plaintiff as receiver and sequestrator of all of the defendant's personal and real property upon her filing a bond in the sum of $5,000, and directing her as such receiver to take possession of said property, and enjoining the defendant, his attorneys, agents and employees from transferring the property or interfering with the receiver's possession thereof; and the second order revoking the first order and appointing plaintiff's attorney, Mark H. Berger, the receiver and sequestrator of said property upon his filing a bond in the sum of $5,000, and directing him, as such receiver, to take possession of the property and enjoining the defendant, his attorneys, agents and employees from transferring the property or interfering with the receiver's possession thereof, the defendant appeals from a subsequent order of the Supreme Court, Westchester County, made October 21, 1964 upon reargument, which in effect denied his motion to vacate the said ex parte order of August 31, 1964 on the ground that it was unauthorized, but which did grant him the alternative relief of vacating the said ex parte order and the appointment of the receiver thereunder upon the condition that the defendant shall file a bond in the sum of $7,500 " as security for future alimony payments and allowances " in this action, and which stayed the receiver from taking any action under the said ex parte order for 15 days — apparently in order to give defendant the opportunity to file such bond. Order of October 21, 1964 affirmed, with $10 costs and disbursements. It would appear that the defendant has not filed the $7,500 bond. The defendant's time to file a bond and thereby terminate the receivership is extended until 30 days after entry of the order hereon, upon condition that the bond be an undertaking for $7,500 by defendant, with corporate surety, to pay any alimony, support and allowances which he has been directed and which he may hereafter be directed to pay by the court in this action. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.

██ In the Matter of JACK CONSTRUCTION OF ROCKLAND COUNTY, INC., Appellant, v. LOCAL UNION No. 964, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, Respondent.— In a special proceeding by an employer against a union (parties to a collective bargaining agreement) to stay an arbitration demanded by the union pursuant to such agreement, the employer appeals from an order of the Supreme Court, Rockland County, dated September 24, 1964, which denied its application. Order affirmed, with $10 costs and disbursements (*Matter of Marchant v. Mead-Morrison Mfg. Co.*, 252 N. Y. 284). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.